UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

LESLIE DRUCKER,

                                        Plaintiff,          **ANSWER TO THE**
                                                            **SECOND AMENDED**
                      -against-                             **COMPLAINT**

THE   CITY   OF   NEW   YORK   AND   THE                    09 Civ. 2964 (GBD)
DEPARTMENT  OF  EDUCATION  OF  THE  CITY  OF
NEW YORK,                                                   **Filed Via ECF**

                                        Defendants.

------------------------------------------------------------------------- x

          Defendants City of New York (hereinafter "City") and the New York City Board

of Education (also known as and being sued herein as the New York City Department of

Education and/or "DOE" (hereinafter "BOE")), by their attorney Michael A. Cardozo,

Corporation Counsel of the City of New York, for their Answer to the Second Amended

Complaint, respectfully allege as follows:

          1.        Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "1" of the Second Amended Complaint.

          2.        Deny the allegations set forth in paragraph "2" of the Second Amended

Complaint, except admit that the City is a municipal corporation, duly organized and existing

under the Constitution and laws of the State of New York.

          3.        Deny the allegations set forth in paragraph "3" of the Second Amended

Complaint, except admit that BOE has offices at 52 Chambers Street, New York, New York

10007 and respectfully refer the Court to N.Y. Education Law § 2590-g(2) for a complete and

accurate description of the powers and duties of the Board of Education.

4.    Deny the allegations set forth in paragraph "4" of the Second Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

5.    Deny the allegations set forth in paragraph "5" of the Second Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of this court and to base venue as stated therein.

6.    Deny the allegations set forth in paragraph "6" of the Second Amended Complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Second Amended Complaint, except admit that, upon information and belief, a charge of discrimination was received by the Equal Employment Opportunity Commission ("EEOC") on or about June 9, 2008, and that this charge was assigned No. 520-2008-03732.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Second Amended Complaint, except admit that, upon information and belief, the EEOC issued a right to sue letter with respect to Charge No. 520-2008-03732 to plaintiff, via her attorneys, on or about December 30, 2008.

9.    Deny the allegations set forth in paragraph "9" of the Second Amended Complaint.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Second Amended Complaint, except admit that a copy of the Second Amended Complaint was received by the Office of the Corporation Counsel on or about April 29, 2008.

11.     Deny the allegations set forth in paragraph "11" of the Second Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Second Amended Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Second Amended Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Second Amended Complaint, except admit that, upon information and belief, plaintiff was examined by physicians at the request of defendant BOE's medical office in or about February 2008, wherein it was determined that plaintiff might suffer from a condition known as chondromalacia.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Second Amended Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Second Amended Complaint, except admit that plaintiff has been employed by BOE as a Special Education teacher since 1994.

17.     Deny the allegations set forth in paragraph "17" of the Second Amended Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Second Amended Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Second Amended Complaint.

20.    Deny the allegations set forth in paragraph "20" of the Second Amended Complaint, except admit that prior to plaintiff's assignment to Unity Center for Urban Technologies High School ("Unity HS"), plaintiff was assigned to the BOE's Office of Special Investigations ("OSI") until her resignation from OSI on or about January 28, 2005.

21.    Deny the allegations set forth in paragraph "21" of the Second Amended Complaint, except admit that on or about September 6, 2005 plaintiff was assigned to Unity HS as a special education teacher, and that United HS is located at 121 Sixth Avenue, New York, NY 10013.

22.    Deny the allegations set forth in paragraph "22" of the Second Amended Complaint, except admit that between September 6, 2005 and on or about February 1, 2008 plaintiff was assigned to Unity HS as a special education teacher.

23.    Deny the allegations set forth in paragraph "23" of the Second Amended Complaint, except admit that plaintiff received an Observation Report on or about June 13, 2006, and respectfully refer to the June 9, 2006 Observation Report of plaintiff for a complete and accurate statement of its contents.

24.    Deny the allegations set forth in paragraph "24" of the Second Amended Complaint, except admit that on or about June 28, 2006 plaintiff received a letter from then-Principal Maritza Tamayo, and respectfully refer to the June 28, 2006 letter for a complete and accurate statement of its contents.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Second Amended Complaint.

26.    Deny the allegations set forth in paragraph "26" of the Second Amended Complaint, except admit that on or about October 18, 2006 plaintiff received a letter from then-

Principal Maritza Tamayo recommending plaintiff for a tutorial position, and respectfully refer to the October 18, 2006 letter for a complete and accurate statement of its contents

27. Deny the allegations set forth in paragraph "27" of the Second Amended Complaint, except admit that on or about October 23, 2006 plaintiff received a letter from Assistant Principal Ira Simmonds with respect to an incident between the plaintiff and a student on that day, and respectfully refer to the October 23, 2006 letter for a complete and accurate statement of its contents.

28. Deny the allegations set forth in paragraph "28" of the Second Amended Complaint, except admit that on or about October 23, 2006 plaintiff received a letter from Assistant Principal Ira Simmonds with respect to an incident between the plaintiff and a student on that day, and respectfully refer to the October 23, 2006 letter for a complete and accurate statement of its contents.

29. Deny the allegations set forth in paragraph "29" of the Second Amended Complaint, except admit that plaintiff received an Observation Report on or about November 15, 2006, and respectfully refer to the November 13, 2006 Observation Report of plaintiff for a complete and accurate statement of its contents

30. Deny the allegations set forth in paragraph "30" of the Second Amended Complaint, except admit that, upon information and belief, on or about May 30, 2007 there was a meeting which was attended by plaintiff, Assistant Principal Simmonds, a Parent Coordinator, a Social Worker, and a student's parent.

31. Deny the allegations set forth in paragraph "31" of the Second Amended Complaint, and respectfully refer to the June 4, 2007 Memo from Assistant Principal Simmonds to plaintiff for a complete and accurate statement of its contents.

32. Deny the allegations set forth in paragraph "32" of the Second Amended Complaint, except admit that, upon information and belief, then-Principal Tamayo met with plaintiff and Simmonds on or about June 6, 2007.

33. Deny the allegations set forth in paragraph "33" of the Second Amended Complaint, except admit that, upon information and belief, on or about June 12, 2007 plaintiff sent a letter to Unity's LEOC, Fei Chang, and respectfully refer to plaintiff's June 12, 2007 letter for a complete and accurate statement of its contents.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Second Amended Complaint.

35. Deny the allegations set forth in paragraph "35" of the Second Amended Complaint, except admit that, upon information and belief, plaintiff's June 12, 2007 letter to Unity LEOC Chang was forwarded to the BOE's Office of Equal Opportunity ("OEO"), and respectfully refer to plaintiff's June 12, 2007 letter for a complete and accurate statement of its contents.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Second Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the Second Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the Second Amended Complaint.

39. Deny the allegations set forth in paragraph "39" of the Second Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the Second Amended Complaint.

41. Deny the allegations set forth in paragraph "41" of the Second Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Second Amended Complaint, except admit that, upon information and belief, plaintiff's summer session hours in 2007 were removed due to budgetary concerns.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Second Amended Complaint.

44. Deny the allegations set forth in paragraph "44" of the Second Amended Complaint.

45. Deny the allegations set forth in paragraph "45" of the Second Amended Complaint, except admit that, upon information and belief, plaintiff communicated with Equal Opportunity Officer William Brewton during the course of the OEO investigation into plaintiff's allegations against AP Simmonds.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Second Amended Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Second Amended Complaint.

48. Deny the allegations set forth in paragraph "48" of the Second Amended Complaint, except admit that, upon information and belief, a meeting was scheduled by OEO Officer William Brewton for July 26, 2007.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Second Amended Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Second Amended Complaint, except admit that on or about July 31, 2007 the OEO sent plaintiff a letter regarding her complaint, and respectfully refer to OEO's July 31, 2007 letter for a complete and accurate statement of its contents

51.     Deny the allegations set forth in paragraph "51" of the Second Amended Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Second Amended Complaint, except admit that in or around August 2007 Ms. Tamayo was no longer principal of Unity HS.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Second Amended Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Second Amended Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Second Amended Complaint, except admit that Fausto De La Rosa became Interim Acting Principal of Unity HS in or around August 2007.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Second Amended Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Second Amended Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Second Amended Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Second Amended Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Second Amended Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Second Amended Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Second Amended Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Second Amended Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Second Amended Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Second Amended Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Second Amended Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Second Amended Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Second Amended Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Second Amended Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Second Amended Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Second Amended Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Second Amended Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Second Amended Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Second Amended Complaint.

75.     Deny the allegations set forth in paragraph "75" of the Second Amended Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Second Amended Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Second Amended Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Second Amended Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Second Amended Complaint.

80.     Deny the allegations set forth in paragraph "80" of the Second Amended Complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Second Amended Complaint.

82.     Deny the allegations set forth in paragraph "82" of the Second Amended Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Second Amended Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Second Amended Complaint.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Second Amended Complaint.

86.     Deny the allegations set forth in paragraph "86" of the Second Amended Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Second Amended Complaint, except admit that, upon information and belief, starting in or around October or November 2007, plaintiff was assigned to use the school computer lab as her primary classroom for a period of time.

88.     Deny the allegations set forth in paragraph "88" of the Second Amended Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Second Amended Complaint.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Second Amended Complaint.

91.     Deny the allegations set forth in paragraph "91" of the Second Amended Complaint.

92.     Deny the allegations set forth in paragraph "92" of the Second Amended Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Second Amended Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Second Amended Complaint, except admit that, upon information and belief, on or about October 27, 2007 plaintiff filed a police report with respect to the October 26, 2007 parent-teacher conference, and respectfully refer to the October 27, 2007 police report for a complete and accurate statement of its contents.

95.     Deny the allegations set forth in paragraph "95" of the Second Amended Complaint.

96.     Deny the allegations set forth in paragraph "96" of the Second Amended Complaint.

97.     Deny the allegations set forth in paragraph "97" of the Second Amended Complaint.

98.     Deny the allegations set forth in paragraph "98" of the Second Amended Complaint, except admit that, upon information and belief, starting in or around October or November 2007, plaintiff was assigned to use the school computer lab as her primary classroom for a period of time.

99.     Deny the allegations set forth in paragraph "99" of the Second Amended Complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Second Amended Complaint.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Second Amended Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Second Amended Complaint.

103.    Deny the allegations set forth in paragraph "103" of the Second Amended Complaint.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Second Amended Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Second Amended Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's "concern[]."

107.    Deny the allegations set forth in paragraph "107" of the Second Amended Complaint.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Second Amended Complaint.

109.    Deny the allegations set forth in paragraph "109" of the Second Amended Complaint.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the Second Amended Complaint.

111. Deny the allegations set forth in paragraph "111" of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff sending a memo to staff.

112. Deny the allegations set forth in paragraph "112" of the Second Amended Complaint, except admit that on or about December 7, 2007 plaintiff met with Principal de la Rosa with respect to a verbal abuse allegation against plaintiff from November 8, 2007.

113. Deny the allegations set forth in paragraph "113" of the Second Amended Complaint, except admit that on or about December 14, 2007 plaintiff received a letter from Principal de la Rosa, and respectfully refer to the December 14, 2007 letter for a complete and accurate statement of its contents.

114. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Second Amended Complaint.

115. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the Second Amended Complaint.

116. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Second Amended Complaint.

117. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the Second Amended Complaint.

118. Deny the allegations set forth in paragraph "118" of the Second Amended Complaint.

119. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Second Amended Complaint.

120. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Second Amended Complaint, except admit that on or about December 21, 2007, Principal de la Rosa reported an allegation regarding an employee at Unity to the Special Commissioner of Investigation for the New York City School District ("SCI").

121. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the Second Amended Complaint, except admit that on or about December 21, 2007, Principal de la Rosa reported an allegation regarding an employee at Unity to the Special Commissioner of Investigation for the New York City School District ("SCI").

122. Deny the allegations set forth in paragraph "122" of the Second Amended Complaint, except admit that on or about January 3, 2008 a memo was circulated to the teachers of Unity HS regarding fire drill procedures and that plaintiff informed Principal as to her alleged knee condition, and respectfully refer to the January 3, 2008 memo for a complete and accurate statement of its contents.

123. Deny the allegations set forth in paragraph "123" of the Second Amended Complaint, except admit that on or about January 4, 2008 a meeting was scheduled by Principal de la Rosa with the plaintiff to discuss the October 26, 2007 incident at the parent-teacher conference.

124. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the Second Amended Complaint, except admit,

upon information and belief, that on or about January 8, 2008 plaintiff was interviewed by investigators from SCI.

125.    Deny the allegations set forth in paragraph "125" of the Second Amended Complaint, except admit that on or about January 8, 2008 plaintiff received a letter from Assistant Principal Simmonds, and respectfully refer to the January 8, 2008 letter for a complete and accurate statement of its contents.

126.    Deny the allegations set forth in paragraph "126" of the Second Amended Complaint, except admit that on or about January 9, 2008 a fire drill was held wherein the plaintiff sought to use the elevator despite Principal de la Rosa's instructions to the contrary.

127.    Deny the allegations set forth in paragraph "127" of the Second Amended Complaint, except admit that on or about January 9, 2008 Principal de la Rosa wrote to Superintendent Francesca Pena and that on or about January 22, 2008 plaintiff received a letter from Principal de la Rosa, and respectfully refer to both letters for a complete and accurate statement of their. Contents.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the Second Amended Complaint, except admit that, upon information and belief, plaintiff provided Principal de la Rosa with a copy of the October 27, 2007 police report on or about January 14, 2008.

129.    Deny the allegations set forth in paragraph "129" of the Second Amended Complaint, except admit that on or about January 10, 2008 Superintendent Francesca Pena submitted a written request for plaintiff's medical examination, and respectfully refer to the January 10, 2008 letter for a complete and accurate statement of its contents.

130.    Deny the allegations set forth in paragraph "130" of the Second Amended Complaint, except admit that on or about January 8, 2008 Principal de la Rosa wrote a letter to plaintiff, and respectfully refer to a copy of the January 8, 2008 letter for a complete and accurate statement of its contents.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the Second Amended Complaint.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the Second Amended Complaint, except admit that on or about January 15, 2008, Principal de la Rosa reported a subsequent allegation regarding an employee at Unity to SCI.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Second Amended Complaint, except admit that on or about January 15, 2008, Principal de la Rosa reported a subsequent allegation regarding an employee at Unity to SCI.

134.    Deny the allegations set forth in paragraph "134" of the Second Amended Complaint, except admit that on or about January 18, 2008 a Step 1 Grievance was held before Principal de la Rosa with respect to the December 14, 2007 letter to file.

135.    Deny the allegations set forth in paragraph "135" of the Second Amended Complaint, except admit that on or about January 17, 2008 Principal de la Rosa wrote a letter to plaintiff, and respectfully refer to a copy of the January 17, 2008 letter for a complete and accurate statement of its contents.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Second Amended Complaint, except admit

137.    Deny the allegations set forth in paragraph "137" of the Second Amended Complaint.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the Second Amended Complaint.

139.    Deny the allegations set forth in paragraph "139" of the Second Amended Complaint, except admit that plaintiff was informed of her medical examination via letter dated January 29, 2008, and respectfully refer to the January 29, 2008 letter for a complete and accurate statement of its contents.

140.    Deny the allegations set forth in paragraph "140" of the Second Amended Complaint.

141.    Deny the allegations set forth in paragraph "141" of the Second Amended Complaint, except admit that on or about January 30, 2008, plaintiff was reassigned to 4111 Broadway, New York, NY pending disciplinary charges under § 3020-a of the New York Education Law.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Second Amended Complaint.

143.    Deny the allegations set forth in paragraph "143" of the Second Amended Complaint, except admit that, upon information and belief, plaintiff's medical exam was on February 6, 2008.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the Second Amended Complaint.

145.     Deny the allegations set forth in paragraph "145" of the Second Amended Complaint, except admit that plaintiff met with Principal de la Rosa and others on February 28, 2008, and respectfully refer to Principal de la Rosa's March 17, 2008 letter for a complete and accurate statement of its contents.

146.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the Second Amended Complaint, except admit that on or about March 2, 2008 plaintiff wrote to Theresa Europe, Deputy Counsel to the Chancellor, and respectfully refer to plaintiff's March 2, 2008 letter for a complete and accurate statement of its contents.

147.     Deny the allegations set forth in paragraph "147" of the Second Amended Complaint, except admit that on or about March 2, 2008 plaintiff wrote to Theresa Europe, Deputy Counsel to the Chancellor, and respectfully refer to plaintiff's March 2, 2008 letter for a complete and accurate statement of its contents.

148.     Deny the allegations set forth in paragraph "148" of the Second Amended Complaint, except admit that Principal de la Rosa wrote to plaintiff on or about March 17, 2008, and respectfully refer to Principal de la Rosa's March 17, 2008 letter for a complete and accurate statement of its contents.

149.     Deny the allegations set forth in paragraph "149" of the Second Amended Complaint, except admit that defendant BOE's Division of Human Resources wrote to plaintiff on or about March 20, 2008, and respectfully refer to the March 20, 2008 letter for a complete and accurate statement of its contents.

150.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the Second Amended Complaint.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the Second Amended Complaint, except admit that, upon information and belief, an on-site visit by the BOE's Office of Labor Relations and Collective Bargaining's Joint Investigating Committee ("JIC") was scheduled for Unity HS on May 2, 2008 with respect to plaintiff's June 2007 complaint against AP Simmons.

152.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the Second Amended Complaint, except admit that, upon information and belief, an on-site visit by the BOE's JIC was scheduled for Unity HS on May 2, 2008 with respect to plaintiff's June 2007 complaint against AP Simmons.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the Second Amended Complaint.

154.    Deny the allegations set forth in paragraph "154" of the Second Amended Complaint, except admit that plaintiff was not permitted on the premises of Unity HS following her reassignment and pending disciplinary charges, and affirmatively state that the JIC did interview plaintiff with respect to her complaint against AP Simmons.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the Second Amended Complaint, and affirmatively state that the JIC found plaintiff's complaint to be without merit.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the Second Amended Complaint, except admit that, upon information and belief, a charge of discrimination was received by the EEOC on or about June 9, 2008, and that this charge was assigned No. 520-2008-03732.

157. Deny the allegations set forth in paragraph "157" of the Second Amended Complaint, except admit that on or about July 8, 2008 defendant BOE wrote to plaintiff, and respectfully refer to the July 8, 2008 letter for a complete and accurate statement of its contents.

158. Deny the allegations set forth in paragraph "158" of the Second Amended Complaint, except admit that on or about July 8, 2008 defendant BOE wrote to plaintiff, and respectfully refer to the July 8, 2008 letter for a complete and accurate statement of its contents.

159. Deny the allegations set forth in paragraph "159" of the Second Amended Complaint, except admit that on or about September 12, 2008 plaintiff met with Superintendent Pena and that on or about September 16, 2008 plaintiff received a letter from Superintendent Pena regarding this meeting, and respectfully refer to the September 16, 2008 letter for a complete and accurate statement of its contents.

160. Deny the allegations set forth in paragraph "160" of the Second Amended Complaint.

161. Deny the allegations set forth in paragraph "161" of the Second Amended Complaint.

162. Deny the allegations set forth in paragraph "162" of the Second Amended Complaint, except admit that disciplinary charges and specifications were brought against plaintiff on or about October 3, 3008, and respectfully refer to the October 3, 2008 charges and specifications for a complete and accurate statement of their contents.

163. Deny the allegations set forth in paragraph "163" of the Second Amended Complaint.

164. Deny the allegations set forth in paragraph "164" of the Second Amended Complaint.

165.     Deny the allegations set forth in paragraph "165" of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that in or around September 2008, plaintiff was transferred to a new location on 191st Street, New York, NY.

166.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the Second Amended Complaint.

167.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Second Amended Complaint, except deny the allegations that defendants have ignored plaintiff's requests regarding her safety.

168.     Deny the allegations set forth in paragraph "168" of the Second Amended Complaint.

169.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the Second Amended Complaint.

170.     Deny the allegations set forth in paragraph "170" of the Second Amended Complaint.

171.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "171" of the Second Amended Complaint.

172.     Deny the allegations set forth in paragraph "172" of the Second Amended Complaint.

173.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the Second Amended Complaint.

174.     Deny the allegations set forth in paragraph "172" of the Second Amended Complaint, except admit that on or about March 25, 2010 plaintiff was transferred to another BOE location at 388 West 125th Street, New York, NY.

175.     Deny the allegations set forth in paragraph "175" of the Second Amended Complaint.

176.     Deny the allegations set forth in paragraph "176" of the Second Amended Complaint.

177.     Deny the allegations set forth in paragraph "177" of the Second Amended Complaint.

178.     Deny the allegations set forth in paragraph "178" of the Second Amended Complaint.

179.     In response to the allegations set forth in paragraph "179" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "178" inclusive of their answer, as if fully set forth herein.

180.     Deny the allegations set forth in paragraph "180" of the Second Amended Complaint.

181.     Deny the allegations set forth in paragraph "181" of the Second Amended Complaint.

182.     Deny the allegations set forth in paragraph "182" of the Second Amended Complaint.

183.     Deny the allegations set forth in paragraph "183" of the Second Amended Complaint.

184.     Deny the allegations set forth in paragraph "184" of the Second Amended Complaint.

185.     Deny the allegations set forth in paragraph "185" of the Second Amended Complaint.

186.     In response to the allegations set forth in paragraph "186" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "185" inclusive of their answer, as if fully set forth herein.

187.     Deny the allegations set forth in paragraph "187" of the Second Amended Complaint.

188.     Deny the allegations set forth in paragraph "188" of the Second Amended Complaint.

189.     Deny the allegations set forth in paragraph "189" of the Second Amended Complaint.

190.     Deny the allegations set forth in paragraph "190" of the Second Amended Complaint.

191.     Deny the allegations set forth in paragraph "191" of the Second Amended Complaint.

192.     Deny the allegations set forth in paragraph "192" of the Second Amended Complaint.

193.     In response to the allegations set forth in paragraph "193" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "192" inclusive of their answer, as if fully set forth herein.

194.     Deny the allegations set forth in paragraph "194" of the Second Amended Complaint.

195.     Deny the allegations set forth in paragraph "195" of the Second Amended Complaint.

196.     Deny the allegations set forth in paragraph "196" of the Second Amended Complaint.

197.     Deny the allegations set forth in paragraph "197" of the Second Amended Complaint.

198.     Deny the allegations set forth in paragraph "198" of the Second Amended Complaint.

199.     Deny the allegations set forth in paragraph "199" of the Second Amended Complaint.

200.     In response to the allegations set forth in paragraph "200" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "199" inclusive of their answer, as if fully set forth herein.

201.     Deny the allegations set forth in paragraph "201" of the Second Amended Complaint.

202.     Deny the allegations set forth in paragraph "202" of the Second Amended Complaint.

203.     Deny the allegations set forth in paragraph "203" of the Second Amended Complaint.

204.     Deny the allegations set forth in paragraph "204" of the Second Amended Complaint.

205.     Deny the allegations set forth in paragraph "205" of the Second Amended Complaint.

206.     Deny the allegations set forth in paragraph "206" of the Second Amended Complaint.

207.     Deny the allegations set forth in paragraph "207" of the Second Amended Complaint.

208.     In response to the allegations set forth in paragraph "208" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "207" inclusive of their answer, as if fully set forth herein.

209.     Deny the allegations set forth in paragraph "209" of the Second Amended Complaint.

210.     Deny the allegations set forth in paragraph "210" of the Second Amended Complaint.

211.     Deny the allegations set forth in paragraph "211" of the Second Amended Complaint.

212.     Deny the allegations set forth in paragraph "212" of the Second Amended Complaint.

213.     Deny the allegations set forth in paragraph "213" of the Second Amended Complaint.

214.     Deny the allegations set forth in paragraph "214" of the Second Amended Complaint.

215.     Deny the allegations set forth in paragraph "215" of the Second Amended Complaint.

216.    In response to the allegations set forth in paragraph "216" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "215" inclusive of their answer, as if fully set forth herein.

217.    Deny the allegations set forth in paragraph "217" of the Second Amended Complaint.

218.    Deny the allegations set forth in paragraph "218" of the Second Amended Complaint.

219.    Deny the allegations set forth in paragraph "219" of the Second Amended Complaint.

220.    Deny the allegations set forth in paragraph "220" of the Second Amended Complaint.

221.    Deny the allegations set forth in paragraph "221" of the Second Amended Complaint.

222.    Deny the allegations set forth in paragraph "222" of the Second Amended Complaint.

223.    Deny the allegations set forth in paragraph "223" of the Second Amended Complaint.

224.    In response to the allegations set forth in paragraph "224" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "223" inclusive of their answer, as if fully set forth herein.

225.    Deny the allegations set forth in paragraph "225" of the Second Amended Complaint.

226.     Deny the allegations set forth in paragraph "226" of the Second Amended Complaint.

227.     Deny the allegations set forth in paragraph "227" of the Second Amended Complaint.

228.     Deny the allegations set forth in paragraph "228" of the Second Amended Complaint.

229.     Deny the allegations set forth in paragraph "229" of the Second Amended Complaint.

230.     Deny the allegations set forth in paragraph "230" of the Second Amended Complaint.

231.     In response to the allegations set forth in paragraph "231" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "230" inclusive of their answer, as if fully set forth herein.

232.     Deny the allegations set forth in paragraph "232" of the Second Amended Complaint.

233.     Deny the allegations set forth in paragraph "233" of the Second Amended Complaint.

234.     Deny the allegations set forth in paragraph "234" of the Second Amended Complaint.

235.     Deny the allegations set forth in paragraph "235" of the Second Amended Complaint.

236.     Deny the allegations set forth in paragraph "236" of the Second Amended Complaint.

237. Deny the allegations set forth in paragraph "237" of the Second Amended Complaint.

238. In response to the allegations set forth in paragraph "238" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "237" inclusive of their answer, as if fully set forth herein.

239. Deny the allegations set forth in paragraph "239" of the Second Amended Complaint.

240. Deny the allegations set forth in paragraph "240" of the Second Amended Complaint.

241. Deny the allegations set forth in paragraph "241" of the Second Amended Complaint.

242. Deny the allegations set forth in paragraph "242" of the Second Amended Complaint.

243. Deny the allegations set forth in paragraph "243" of the Second Amended Complaint.

244. Deny the allegations set forth in paragraph "244" of the Second Amended Complaint.

245. Deny the allegations set forth in paragraph "245" of the Second Amended Complaint.

246. In response to the allegations set forth in paragraph "246" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "245" inclusive of their answer, as if fully set forth herein.

247.     Deny the allegations set forth in paragraph "247" of the Second Amended Complaint.

248.     Deny the allegations set forth in paragraph "248" of the Second Amended Complaint.

249.     Deny the allegations set forth in paragraph "249" of the Second Amended Complaint.

250.     Deny the allegations set forth in paragraph "250" of the Second Amended Complaint.

251.     Deny the allegations set forth in paragraph "251" of the Second Amended Complaint.

252.     Deny the allegations set forth in paragraph "252" of the Second Amended Complaint.

253.     Deny the allegations set forth in paragraph "253" of the Second Amended Complaint.

254.     Admits that plaintiff demands a jury trial in this action.

## AS AND FOR A FIRST DEFENSE

255.     The Second Amended Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

256.     This Court lacks jurisdiction over any claims contained in the federal Second Amended Complaint which were not also contained in plaintiff's charge of discrimination filed with the EEOC and/or SDHR and must be dismissed for failure to exhaust administrative remedies.

### AS AND FOR A THIRD DEFENSE

257.    All actions taken by defendants with respect to plaintiff were undertaken for legitimate, non-discriminatory business reasons.

### AS AND FOR A FOURTH DEFENSE

258.    The Second Amended Complaint's request for punitive damages against defendants is barred because punitive damages are not available against a government or governmental subsidaries or are otherwise unavailable under the claims asserted in this action.

### AS AND FOR A FIFTH DEFENSE

259.    Any claims of discrimination under Title VII in the Second Amended Complaint which accrued more than 300 days prior to plaintiff's filing of her charge of discrimination with the EEOC are time-barred.

### AS AND FOR A SIXTH DEFENSE

260.    The conduct complained of may consist of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences, and thus plaintiff's claims under the New York City Human Rights Law must be dismissed.

### AS AND FOR AN SEVENTH DEFENSE

261.    Defendants exercised reasonable care to prevent and correct promptly any of the actions or inactions about which plaintiff complains.  Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by the defendants or to otherwise avoid harm.

### AS AND FOR A EIGHTH DEFENSE

262.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A NINTH DEFENSE

263.    Plaintiff's claims under Title VII are time-barred if plaintiff commenced this action more than 90 days after receipt of a right to sue letter from the EEOC.

## AS AND FOR AN TENTH DEFENSE

264.    Plaintiff may have failed to comply with applicable notice of claim requirements and/or conditions precedent to suit.

## AS AND FOR A ELEVENTH DEFENSE

265.    Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

## AS AND FOR A TWELFTH DEFENSE

266.    The City of New York is not a proper party to this action.

## AS AND FOR A THIRTEENTH DEFENSE

267.    Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata, collateral estopped, and/or the election of remedies.

**WHEREFORE,** defendants request judgment dismissing the Second Amended Complaint in its entirety, denying all relief requested therein, and granting defendant costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             May 14, 2010

                          **MICHAEL A. CARDOZO**
                          Corporation Counsel of the
                            City of New York
                          **Attorney for Defendants**
                          100 Church Street, Room 2-143
                          New York, New York  10007
                          (212) 788-0879
                          bsitaras@law.nyc.gov

             By:                    **/s/**
                            Basil C. Sitaras (BS-1027)
                            Assistant Corporation Counsel

To:    **EISNER & MIRER, P.C.** (Via ECF)
       Attorneys for Plaintiff
       Attn: Jeanne E. Mirer, Esq.
       113 University Place, 8th Floor
       New York, New York 10003
       (212) 473-8700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LESLIE DRUCKER,

                                Plaintiff,

               -against-

THE CITY OF NEW YORK AND THE
DEPARTMENT OF EDUCATION OF THE CITY OF
NEW YORK,

                             Defendants.

---

## ANSWER TO THE SECOND AMENDED COMPLAINT

---

### MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, 2-143
New York, New York  10007


Of Counsel:  Basil C. Sitaras
Tel:  (212) 788-0879


Matter No. 2009-014436

---

*Due and timely service is hereby admitted.*

New York, N.Y. ...................................................... , 200..

Signed ...............................................................................

Attorney for.......................................................................